**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS ALBERTO BARAJAS,<br><br>      Petitioner,<br><br>  v.<br><br>MICHAEL L. BENOV,<br><br>      Respondent. | Case No. 1:14-cv-01254-LJO-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on August 11, 2014.

I.   Screening the Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review

of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

1    In the petition filed on August 11, 2014, Petitioner alleges

2  that he is an inmate of the Taft Correctional Institution serving a

3  sentence of 240 months imposed in 1999 for convictions of controlled

4  substance offenses in the United States District Court for the

5  District of Hawaii.  (Pet., doc. 1, 1.)  Petitioner appealed,

6  raising issues concerning the suppression of evidence seized before

7  his arrest and an Eighth Amendment challenge to his twenty-year

8  mandatory minimum sentence.  The judgment was affirmed by the Ninth

9  Circuit Court of Appeals on April 14, 2000.  He previously brought a

10 motion pursuant to 28 U.S.C. § 2255 raising the ineffective

11 assistance of counsel for failing to challenge a prior drug

12 conviction with a sentence of only ten months in prison, but

13 Petitioner does not allege the date of the § 2255 proceedings or any

14 facts regarding the court's ruling.  (Id. at 2, 14.)

15    Petitioner argues that his prior drug offense is no longer a

16 felony drug offense because it was not punishable by more than one

17 year in prison.  He argues that he is actually innocent of offender

18 information relied upon in sentencing pursuant to 21 U.S.C. § 851

19 because his prior drug offense did not qualify as a felony drug

20 offense based on Descamps v. United States, 570 U.S. –, –, 133 S.Ct.

21 2276 (2013), a criminal appeal in which the Court rejected the use

22 of a modified categorical approach to considering whether certain

23 prior convictions with a single and indivisible set of elements were

24 violent felonies within the meaning of the Armed Career Criminal

25 Act.

26    II.  Subject Matter Jurisdiction

27    A court will not infer allegations supporting federal

28 jurisdiction; a federal court is presumed to lack jurisdiction in a

3

1  particular case unless the contrary affirmatively appears, and thus

2  federal subject matter jurisdiction must always be affirmatively

3  alleged.  Fed. R. Civ. P. 8(a); <u>Stock West, Inc. v. Confederated</u>

4  <u>Tribes of the Colville Reservation</u>, 873 F.2d 1221, 1225 (9th Cir.

5  1989).  When a federal court concludes that it lacks subject matter

6  jurisdiction, the court must dismiss the action.  <u>Arbaugh v. Y&H</u>

7  <u>Corp.</u>, 546 U.S. 500, 514 (2006); <u>Moore v. Maricopa County Sheriff's</u>

8  <u>Office</u>, 657 F.3d 890, 894 (9th Cir. 2011).

9       Here, although Petitioner is challenging his conviction and

10 sentence, Petitioner argues that he is entitled to proceed pursuant

11 to 28 U.S.C. § 2241 because § 2255 is inadequate and ineffective due

12 to his actual innocence of the crimes and the absence of an

13 unobstructed procedural shot at presenting his claim.

14          A.   <u>Inadequate or Ineffective Remedy</u>

15      A federal prisoner who wishes to challenge his conviction or

16 sentence on the grounds it was imposed in violation of the

17 Constitution or laws of the United States or was otherwise subject

18 to collateral attack must do so by way of a motion to vacate, set

19 aside, or correct the sentence under 28 U.S.C. § 2255.  28 U.S.C.

20 § 2255; <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006);

21 <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such

22 cases, the motion must be filed in the district where the defendant

23 was sentenced because only the sentencing court has jurisdiction.

24 <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000); <u>Tripati</u>,

25 843 F.2d at 1163.  Generally, a prisoner may not collaterally attack

26 a federal conviction or sentence by way of a petition for a writ of

27 habeas corpus pursuant to 28 U.S.C. § 2241.  <u>Stephens v. Herrera</u>,

28 464 F.3d at 897;  <u>Tripati</u>, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Title 28 U.S.C. § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf
> of a prisoner who is authorized to apply for relief by
> motion pursuant to this section, shall not be entertained
> if it appears that the applicant has failed to apply
> for relief, by motion, to the court which sentenced him,
> or that such court has denied him relief, unless it
> also appears that the remedy by motion is inadequate or
> ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention."  United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255).  Although there is little guidance on when § 2255 is an inadequate or ineffective remedy, in the Ninth Circuit it is recognized that the exception is narrow. Id.; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (noting that a petitioner's fears of bias or unequal treatment do not render a

5

§ 2255 petition inadequate); <u>see</u>, <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).  If a petitioner proceeding pursuant to § 2241 fails to meet his burden to demonstrate that the § 2255 remedy is inadequate or ineffective, then the § 2241 petition will be dismissed for lack of jurisdiction. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1061 (9th Cir. 2003).

The AEDPA limits the circumstances under which a petitioner may file a second or successive motion pursuant to § 2255:

> A second or successive motion must be certified as
> provided in section 2244 by a panel of the appropriate
> court of appeals to contain—
> 1) newly discovered evidence that, if proven
> and viewed in light of the evidence as a whole, would
> be sufficient to establish by clear and convincing
> evidence that no reasonable factfinder would have
> found the movant guilty of the offense; or
> 2) a new rule of constitutional law, made
> retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

In this case, because Petitioner challenges his underlying conviction and sentence and not errors in the administration of his sentence, the petition appears to come within the scope of 28 U.S.C. § 2255(a).

B.   <u>Actual Innocence</u>

Petitioner argues that his remedy pursuant to § 2255 is

6

1  inadequate because he is actually innocent of the commitment

2  offenses.

3       Although authority in this circuit is limited, it is recognized

4  that the § 2255 remedy is inadequate and ineffective, and thus a

5  petition pursuant to § 2241 is available, when the petitioner 1)

6  claims to be factually innocent of the crime for which he has been

7  convicted, and 2) has never had an "unobstructed procedural shot" at

8  presenting the claim.  Stephens v. Herrera, 464 F.3d at 898.

9                    1.   Factual Innocence

10      A claim of actual innocence for purposes of the "escape hatch"

11 of § 2255 is assessed by the test stated in Bousley v. United

12 States, 523 U.S. 614, 623 (1998), which in turn requires that the

13 petitioner demonstrate that in light of all the evidence, it is more

14 likely than not that no reasonable juror would have convicted him.

15 Stephens, 464 F.3d at 898.

16      Here, Petitioner's claim is that he is innocent of a sentencing

17 enhancement because of the length of the sentence he received on a

18 conviction serving as a basis for the enhancement.

19      In Marrero v. Ives, 682 F.3d 1190 (9th Cir. 2012), the court

20 affirmed the district court's dismissal of a § 2241 petition for

21 lack of jurisdiction after the district court had construed the

22 petition as a 28 U.S.C. § 2255 motion to vacate sentence.  The

23 petitioner there had filed a § 2241 petition after a previous § 2255

24 motion had been denied.  The Court held that the district court's

25 construction and dismissal were proper because the petitioner had

26 failed to make an adequate claim of actual innocence sufficient to

27 permit filing a § 2241 petition under the escape hatch of § 2255.

28 In that case, petitioner had argued that he was "actually innocent"

                              7

of being a career offender because the prior offenses would no longer qualify under amendments to the sentencing guidelines. The court stated:

> Whatever the merits of Petitioner's argument that he would not qualify as a career offender were he to be sentenced under the post-2007 Guidelines, his claim is not one of actual innocence. "In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614[, 623], 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)." Stephens, 464 F.3d at 898. " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623, 118 S.Ct. 1604. We have not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch. It is clear, however, that Petitioner's claim that two of his prior offenses should no longer be considered "related," and that he was therefore incorrectly treated as a career offender, is a purely legal claim that has nothing to do with factual innocence. Accordingly, it is not a cognizable claim of "actual innocence" for the purposes of qualifying to bring a § 2241 petition under the escape hatch.

Marrero v. Ives, 682 F.3d at 1193. The court collected cases reflecting a general agreement among the circuits that a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement. (Id. at 1193-94.) Thus, the Ninth Circuit explicitly held that claims in which a petitioner alleges that he was improperly classified as a career criminal are not claims of actual innocence.

Here, Petitioner's argument that he is actually or factually innocent of the sentencing enhancement is in essence a "purely legal" argument having "nothing to do with factual innocence." Accordingly, Petitioner has not established factual or actual innocence.

8

1

2                    2.  <u>Opportunity to Raise His Claim</u>

3          Here, Petitioner brought a previous § 2255 motion raising the

4    ineffective assistance of counsel, but the date and ruling thereon

5    are not stated.  (Doc. 1, 14.)

6          There is no showing that there was any change in the law that

7    affected the basis of Petitioner's claim.  Petitioner relies on

8    <u>Alaimalo v. United States</u>, 645 F.3d 1042 (9th Cir. 2011), in which

9    the court considered the claim of a petitioner whose conduct was

10   held by an intervening judicial decision not to be legally

11   sufficient to constitute the commitment offense (there, importation

12   of a controlled substance to the territory of Guam).  However, in

13   the present case, there is no analogous material change in the law

14   governing the commitment offense that intervened after Petitioner's

15   conviction; rather, there was only a judicial decision regarding a

16   non-constitutional issue affecting a prior conviction used as a

17   sentencing enhancement.

18         The Court notes that Petitioner could not bring a successive

19   § 2255 motion to raise a new judicial decision interpreting a

20   statute, as distinct from a Supreme Court case announcing a new rule

21   of constitutional law.  28 U.S.C. § 2255(h)(2); <u>Lorentsen v. Hood</u>,

22   223 F.3d 950, 953 (9th Cir. 2000).  It is unclear whether Petitioner

23   has sought to bring a successive motion.  However, even if

24   Petitioner attempted to obtain permission to file a second or

25   successive motion and failed, that would not necessarily render the

26   § 2255 remedy inadequate or ineffective.  <u>Lorentsen v. Hood</u>, 223

27   F.3d at 953 (citing <u>Moore v. Reno</u>, 185 F.3d 1054).

28

                                    9

1        The Court concludes that Petitioner has not shown that he did
2  not have an unobstructed procedural shot at presenting his
3  challenges to the sentencing court.

4        In summary, Petitioner has not shown that his remedy by way of
5  § 2255 was inadequate or ineffective.  Thus, Petitioner may not
6  proceed with his challenge to his conviction and sentence in a
7  proceeding pursuant to § 2241.  The petition must be dismissed
8  because the Court lacks jurisdiction to proceed pursuant to § 2241.

9        Accordingly, it will be recommended that the petition for writ
10  of habeas corpus be dismissed.

11        III.  <u>Certificate of Appealability</u>

12        Unless a circuit justice or judge issues a certificate of
13  appealability, an appeal may not be taken to the Court of Appeals
14  from the final order in a habeas proceeding in which the detention
15  complained of arises out of process issued by a state court.  28
16  U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336
17  (2003).  A district court must issue or deny a certificate of
18  appealability when it enters a final order adverse to the applicant.
19  Rule 11(a) of the Rules Governing Section 2254 Cases.

20        A certificate of appealability may issue only if the applicant
21  makes a substantial showing of the denial of a constitutional right.
22  § 2253(c)(2).  Under this standard, a petitioner must show that
23  reasonable jurists could debate whether the petition should have
24  been resolved in a different manner or that the issues presented
25  were adequate to deserve encouragement to proceed further.  <u>Miller-</u>
26  <u>El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S.
27  473, 484 (2000)).  A certificate should issue if the Petitioner
28  shows that jurists of reason would find it debatable whether: (1)

the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Therefore, the Court should decline to issue a certificate of appealability.

IV.   Recommendations

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED for lack of subject matter jurisdiction; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the case.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served

11

with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **August 25, 2014**                    /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE